U.S.C.A. No. 13-30251
U.S.D.C. No. 11-CR-00027-WFN

IN THE
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT
_____

UNITED STATES OF AMERICA,

Appellee

v.

RANDALL McREYNOLDS,

Appellant

Appeal from the United States District Court
For the Eastern District of Washington

BRIEF FOR APPELLEE

MICHAEL C. ORMSBY
United States Attorney

Matthew F. Duggan
Assistant U.S. Attorney
340 United States Courthouse
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

i

TABLE OF CONTENTS

PAGE

TABLE OF CONTENTS...................................................................................i

TABLE OF AUTHORITIES .........................................................................ii

I.     STATEMENT OF JURISDICTION ...............................................1

       A.     JURISDICTION OF THE DISTRICT COURT ....................1

       B.     JURISDICTION OF THE UNITED STATES COURT OF APPEALS 1

       C.     TIMELINESS OF APPEAL ...............................................1

II.    ISSUE PRESENTED.........................................................................2

       A.     Whether the District Court committed error in denying the
              Defendant's Motion for Order Compelling Bureau of Prisons and
              United States Marshall's Service to Return Defendant to Washington
              State for Service of Sentence. ...................................................2

III.   STATEMENT OF THE CASE .........................................................2

       A.     NATURE OF THE CASE.....................................................2

       B.     COURSE OF PROCEEDINGS AND DISPOSITION IN THE
              COURT BELOW .................................................................3

IV.    STATEMENT OF FACTS ...............................................................3

V.     SUMMARY OF ARGUMENT.......................................................9

VI.    ARGUMENT.....................................................................................10

       A.     The district court's denial of the Defendant's Motion to Compelling
              Bureau of Prisons and United States Marshall's Service to Return
              Defendant to Washington State for Service of Sentence was proper
              since the district court, despite not being required to follow the

recommendation in the non-conditional plea agreement, did, in fact, make the recommendation contained in the plea agreement and the defendant waived his right to appeal ......................................................10

    1.    Standard of Review ......................................................................10

    2.    There Was No Breach of the Plea Agreement Because the United States Requested the District Court to Impose the Sentence as Outlined in the Plea Agreement ................................11

VII.   CONCLUSION .................................................................................13

STATEMENT OF RELATED CASES ....................................................14

CERTIFICATE OF SERVICE .................................................................15

CERTIFICATE OF COMPLIANCE ........................................................16

# TABLE OF AUTHORITIES

## United States Supreme Court Case

*Santobello v. New York*,
404 U.S. 257, 262 (1971) ........................................................................11

## Ninth Circuit District Court Cases

*United States v. Dragna*,
  746 F.2d 457 (9th Cir. 1984) ...............................................................13

*United States v. Gonzales-Melchor*,
  648 F.3d 959 (9th Cir. 2011) ...............................................................11

*United States v. Whitney*,
  673 F.3d 965 (9th Cir. 2012) ...............................................................10

## Statues

18 U.S.C. § 841(a)(1) ...............................................................................3
18 U.S.C. § 2255 ..................................................................................6, 7
18 U.S.C. § 3146(a)(2) ......................................................................... 2, 3, 4

## Federal Rules

Federal Rules of Appellate Procedure, Rule 4(b) .....................................1

iv

## I.      STATEMENT OF JURISDICTION

A.      JURISDICTION OF THE DISTRICT COURT

Jurisdiction existed in the district court by virtue of 18 U.S.C.§ 3231.

B.      JURISDICTION OF THE UNITED STATES COURT OF APPEALS

Jurisdiction exits in the Court of Appeals by virtue of 28 U.S.C. § 1291.

C.      TIMELINESS OF APPEAL

This appeal is timely pursuant to Federal Rules of Appellate Procedure, Rule 4(b).  Defendant was sentenced on May 15, 2013. CR 121; ER 17.[1] The Judgment and Commitment Order was entered on May 15, 2013. CR 121; ER 17. On August 16, 2013, Defendant filed a Motion for Order Compelling Bureau of Prisons and United States Marshall's Service to Return Defendant to Washington State for Service of Sentence prior to serving his federal sentence. CR 124; ER 25. The District Court denied Defendant's Motion on September 5, 2013. CR 128; ER 3. Notice of Appeal was filed September 10, 2013, that being within 14 days after

---

[1] "CR(1)" denotes the Court Record CR-11-00027-WFN-1; "ER 3" denotes the Defendant-Appellant's Excerpt of Record.

1

entry of the District Court's denial of Defendant's Motion to Compel. CR 130; ER 28.

## II.    ISSUE PRESENTED

Whether the District Court committed error in denying the Defendant's Motion for Order Compelling Bureau of Prisons and United States Marshall's Service to Return Defendant to Washington State for Service of Sentence.

## III.    STATEMENT OF THE CASE

## A.    NATURE OF THE CASE

The Defendant, Randall Del McReynolds (hereinafter Defendant), entered a plea of guilty to failing to report for service of sentence, in violation of 18 U.S.C. § 3146(a)(2). The United States' sentencing recommendations were consistent with the Plea Agreement and the district court sentenced the Defendant to a term of imprisonment within the applicable sentencing guidelines. Although the Defendant waived appeal, he now asserts that the district court erred when it denied his Motion for Order Compelling Bureau of Prisons and United States Marshall's Service to Return Defendant to Washington State for Service of Sentence based on a breach of plea agreement theory in that his federal sentence is incorrectly being served before a separate and unrelated Washington state sentence.

2

B.    COURSE OF PROCEEDINGS AND DISPOSITION IN THE COURT
      BELOW

The Defendant was indicted on February 16, 2011, for failure to surrender

for service of sentence, in violation of 18 U.S.C. § 3146(a)(2). CR1; ER 1.  The

Defendant pled guilty on March 25, 2013. CR 115; ER 8. The district court

sentenced the Defendant to fifteen (15) months in prison on May 15, 2013, and

judgment was entered the following day. CR 121; ER17. The Defendant filed a

Motion for Order Compelling Bureau of Prisons and United States Marshall's

Service to Return Defendant to Washington State for Service of Sentence on

August 16, 2013. CR 124. The district court denied the Motion on September 15,

2013. CR 128.

IV.    STATEMENT OF FACTS

The Defendant was sentenced on September 29, 2010, for a violation of 18

U.S.C. § 841(a)(1). CR 128; ER 3. The Defendant was given a report date and was

permitted to remain out of custody and to later self-report to the Bureau of Prisons

upon notice. ER 70. On December 14, 2010, the Defendant received a letter

requiring him to report to the federal penitentiary in Sheridan, Oregon, no later

than January 5, 2011, at noon. C.R. 18; ER 70, 82. The Defendant did not report.

ER 77. The Defendant was indicted on February 16, 2011, for failure to surrender

3

for service of sentence, in violation of 18 U.S.C. § 1346(a)(2). ER 189. The

Defendant was convicted after jury trial. CR 37. The Defendant successful

appealed his conviction and was granted a new trial. CR 67. The Defendant then

entered a plea to the charge of failure to surrender for service of sentence and was

sentenced to 15 months in prison. CR 115; ER 8.

       The Plea Agreement included the following language:

             2)      <u>The Court is Not a Party to the Agreement</u>:

       The Court is not a party to this Plea Agreement and may accept

or reject this Plea Agreement. Sentencing is a matter that is solely

within the discretion of the Court. The Defendant understands that the

Court is under no obligation to accept any recommendations made by

the United States and/or by the Defendant; that the Court will obtain

an independent report and sentencing recommendation from the U.S.

Probation Office; and that the Court may, in its discretion, impose any

sentence it deems appropriate up to the statutory maximums stated in

this Plea Agreement.

       The Defendant acknowledges that no promises of any type have

been made to the Defendant with respect to the sentence the Court

will impose in this matter. The Defendant understands that the Court

4

is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

The Defendant also understands that should the sentencing judge decide not to accept any of the parties'' recommendations, that decision is not a basis for withdrawing from this Plea Agreement or a basis for withdrawing this plea of guilty.

CR 115; ER 9.

9)    <u>Incarceration</u>:

a)    <u>Length of Imprisonment</u>:

The United States and the Defendant will jointly recommend a sentence within the applicable sentencing guideline range as determined by the Court. The parties will request that the sentenced imposed in this case run consecutively to the 92 month sentence imposed on September 29, 2010 in the Eastern District of Washington in case number CR-10-026-JLQ and concurrently to the 14 month sentence imposed in Stevens County Superior Court on November 11, 2011. The United States and the Defendant will request the sentences be served in the following order: The November 11, 2011 Stevens County Superior Court 14 month sentence concurrently with the

5

sentence imposed in this case; the September 29, 2010 Eastern District of Washington 92 month sentence to run consecutively with the sentence imposed in this case. CR 115; A13.

15) <u>Appeal Rights</u>:

In return for the concessions that the United States has made in this Plea Agreement, the Defendant agrees to waive the right to appeal the conviction and sentence if the Court imposes a sentence within or below the applicable sentencing guideline range as determined by the Court. Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes sentence. Should the Defendant successfully move to withdraw from this Plea Agreement or should the Defendant's conviction on Count 1 of the Indictment be dismissed, set aside, vacated, or reversed, this Plea Agreement shall become null and void; the United States may move to reinstate Indictment No. 11-CR-00027-JLQ; and the United States

6

may prosecute the Defendant on all available charges. Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack of the conviction or sentence, including, but not limited to, proceedings pursuant to 28 U.S.C. § 2255 (writ of habeas corpus).

Nothing in this Plea Agreement shall preclude the United States from opposing any motion for reduction of sentence or other attack of the conviction or sentence, including but not limited to proceedings pursuant to 28 U.S.C. § 2255 (Writ of Habeas Corpus). Should this conviction be set aside, reversed, or vacated, this Plea Agreement is null and void and the United States may institute or re-institute any charges against the Defendant and make derivative use of any statements or information the Defendant has provided.

However, nothing precludes the United States or the Defendant from appealing an illegal sentence or one not in accordance with the correct application of the sentencing guidelines, consistent with the terms of this plea.

CR 115; ER14-15.

7

The Plea Agreement took into account a Stevens County Superior Court sentence imposed against the Defendant. CR 128; ER 4. In the Plea Agreement, the Defendant and the Government agreed to request that "the sentence imposed in this case run concurrently to the 92 month sentence imposed on September 29, 2010 in the Eastern District of Washington . . . and concurrently to the 14 month sentence imposed in Stevens County Superior Court." CR 128; ER 4.

At the sentencing hearing, the parties further requested that the Defendant serve his state court sentence in state custody prior to his federal sentences so that the Defendant could complete medical treatment and surgery. CR 128; ER 4. The district court attempted to accommodate this request. CR 128; ER 4. In the Judgment and Sentence, the district court ordered that the Defendant be imprisoned for 15 months, "To be served CONCURRENT to the state court sentence, with any remainder to be served CONSECUTIVE to the 92 month sentence." CR 128; ER 4. Defendant shall serve his state sentence . . . before serving his 92 month federal sentence. CR 121.

8

Following sentencing, the Defendant filed a Motion for Order Compelling Bureau of Prisons and United States Marshall's Service to Return Defendant to Washington State for Service of Sentence on August 16, 2013. CR 124. In the motion, the Defendant requested that the United States' Marshall's Service return the Defendant to the Washington State Department of Corrections so that the Washington state sentence could be served prior to his federal sentences. CR 124. The district court denied the Motion on September 15, 2013. CR 128.

In the district court's Order denying the Defendant's Motion to Compel, the district court stated that while it attempted to accommodate the requests made by the parties regarding the order in which the Defendant would serve his sentences, the district court ultimately did not have the authority to order Defendant to serve his state sentence in state custody prior to his federal sentence. CR 128; ER 4.

The United States recommended the sentence contained in the Plea Agreement. CR 128; ER 4.

## V.     SUMMARY OF ARGUMENT

The district court's denial of the Defendant's Motion Compelling Bureau of Prisons and United States Marshall's Service to Return Defendant to Washington State for Service of Sentence was proper since the district court imposed the sentence that was requested by both the United States and the Defendant.

9

A40207lc.MDA.pdf

Additionally, the district Court has no jurisdiction to select the place where the

sentence will be served. Authority to determine the place of confinement resides in

the executive branch of the government and is delegated to the United States

Bureau of Prisons.

## VI.    ARGUMENT

A.    THE DISTRICT COURT'S DENIAL OF THE DEFENDANT'S MOTION
TO COMPELLING BUREAU OF PRISONS AND UNITED STATES
MARSHALL'S SERVICE TO RETURN DEFENDANT TO WASHINGTON
STATE FOR SERVICE OF SENTENCE WAS PROPER SINCE THE DISTRICT
COURT, DESPITE NOT BEING REQUIRED TO FOLLOW THE
RECOMMENDATION IN THE NON-CONDITIONAL PLEA AGREEMENT,
DID, IN FACT, MAKE THE RECOMMENDATION CONTAINED IN THE
PLEA AGREEMENT AND THE DEFENDANT WAIVED HIS RIGHT TO
APPEAL

1.  Standard of Review

A Defendant's claim that the government breached its plea agreement is

generally reviewed de novo, but when a defendant forfeits his claim by failing to

make a timely objection, Court of Appeals must review that claim for plain error.

*United States v. Whitney*, 673 F.3d 965, 969 (9th Cir. 2012)

10

2. <u>There Was No Breach of the Plea Agreement Because the United States Requested the District Court to Impose the Sentence as Outlined in the Plea Agreement</u>

The Court will construe a plea agreement as a contract between the prosecutor and a defendant. *United States v. Gonzale-Melchor*, 648 F.3d 959, 963 (9th Cir. 2011). The Defendant cites to *Santobello v. New York*, 404 U.S. 257, 262 (1971), for the proposition that when a plea agreement rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the indictment or consideration, such a promise must be fulfilled. Def's Brief at 8. In this case, the United States agreed to recommend a sentence within the applicable guideline sentencing range to run consecutively to the 92 month sentence imposed on September 29, 2010, and concurrently to a sentence imposed in Stevens County Superior Court on November 11, 2011. ER 115.

11

The Defendant cites numerous cases where the United States failed to follow the recommendation in the plea agreement. Def's Brief at 8; 11-13. However, in this case, the United States did exactly what it promised to do. The Defendant claims that the United States promised that the Defendant would serve the Stevens County state sentence first but, what the United States actually agreed to do was to make a recommendation to the district court that the Stevens County sentence be served first. CR 115. The United States did exactly what it promised to do in the plea agreement in making that recommendation. Simply put, there can be no breach of the plea agreement when the United States did exactly what it promised to do in the plea agreement.

The Defendant was specifically advised in the plea agreement that sentencing is a matter solely within the discretion of the court, that the court is under no obligation to accept any recommendations made by either party, and that no promises of any type have been made with respect to the sentence the court will impose in this matter. CR. 115. The plea agreement also advised the Defendant that if the court did not follow any recommendation contained in the plea agreement, that decision would not be a basis for withdrawing from this plea of guilty. CR 115.

12

Regardless of what order the Defendant serves his three sentences, the time he serves remains the same. Because the United States followed the plea agreement, there can be no breach of the agreement. Additionally, the Defendant waived his right to appeal.

Where the Defendant serves his sentence is determined by the Bureau of Prisons. While a judge has wide discretion in determining the length and type of sentence, the court has no jurisdiction to select the place where the sentence will be served. *United States v. Dragna*, 746 F.2d 457, 458 (9th Cir. 1984). Authority to determine the place of confinement resides with the executive branch of the government, 18 U.S.C. § 4082(a), and is delegated to the Bureau of Prisons. *Dragna*, 746 F.2d at 458.

## VII.   CONCLUSION

For all of these reasons, the Court should affirm the judgment of the District Court.

MICHAEL C. ORMSBY
United States Attorney

*s/ Matthew F. Duggan*
Matthew F. Duggan
Assistant U.S. Attorney

13

## STATEMENT OF RELATED CASES

Counsel for the plaintiff-appellee certifies that no cases are pending in this

Court at are deemed related to the issues presented in the instant appeal.


*s/ Matthew F. Duggan*
Matthew F. Duggan
Assistant U.S. Attorney

14

A40207lc.MDA.pdf

CERTIFICATE OF SERVICE

It is hereby certified that on February 7, 2014, I electronically filed the

foregoing with the Clerk of Court for the United States Court of Appeals for the

Ninth Circuit by using the appellate CM/ECF system.  Participates who are

registered EM/ECF users will be served by the appellate CM/ECF system.

    John Gregory Lockwood
    Law Office of J Gregory Lockwood PLLC
    522 West Riverside Avenue, Suite 420
    Spokane, WA 99201

            *s/ Matthew F. Duggan*
            Matthew F. Duggan
            Assistant U.S. Attorney

A40207lc.MDA.pdf

CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C) and Ninth Circuit Rule 32-1., I

certify that the Answering brief is not subject to the type-volume limitations of

Fed. R. App. P. 32(a)(7)(B) because the brief complies with Fed. R. App. P.

32(a)(1)-(7) and is a

principal brief of not more than 30 pages.

The text of the electronic PDF brief and appendix is identical to the text of

the paper copies of the brief and appendix;

> _s/ Matthew F. Duggan_
> Matthew F. Duggan
> Assistant U.S. Attorney

16